UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO PEREZ,<br><br>          Petitioner,<br><br>     v.<br><br>B.M. TRATE,<br><br>          Defendants. | Case No. 1:22-cv-00629-CDB<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 8) |

Petitioner Julio Perez is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C § 2241. Petitioner alleges that the Bureau of Prisons ("BOP") has failed to properly calculate credit for time he served in custody. (Doc. 1 p. 2-3). Respondent B.M. Trate, Warden of USP Atwater ("Atwater"), filed a motion to dismiss for failure to exhaust administrative remedies. Respondent further argues that since Petitioner failed to exhaust his remedies, he is not entitled to seek relief. (Doc. 8). Petitioner has not filed a statement in opposition, and his time to do so has passed. *See* (Doc. 6 p. 2, requiring Petitioner to file any traverse within 30 days of Respondent's response to the petition – here, a motion to dismiss). For the reasons set forth below, Respondent's motion to dismiss is granted.

**I.     Background**

On December 2, 2014, Petitioner was arrested by California state authorities for Possession of a Controlled Substance and for Child Cruelty. (Doc. 8 p. 2; 8-1 p. 24). On December 18, 2014, while in state custody, Petitioner's custody was transferred to federal authorities via a writ of habeas corpus ad prosequendum ("WHCAP") following Petitioner's indictment on federal charges of conspiracy to distribute and possession with intent to distribute

1 controlled substances. (Doc. 8-1 p. 13). While in federal custody, on August 5, 2015, Petitioner completed service of sentences imposed in earlier state court prosecutions. On January 4, 2016, Petitioner was sentenced following his conviction on the federal charges to a term of 126 months of imprisonment. *Id.*

Petitioner claims BOP failed to calculate credit for time served in custody. (Doc. 1 pp. 2-3). Specifically, Petitioner alleges he was arrested on December 2, 2014, on federal charges contained in a criminal complaint and that this "offense date" is the date upon which he should be credited for time served. *Id.* p. 6. Petitioner alleges that the BOP acknowledges his offense date of December 2, 2014, but nevertheless set his sentence computation date on January 4, 2016. *Id.* Petitioner further claims that the BOP improperly counts his jail credit date from August 6, 2015, and requests eight months of credit under the FSA for the intermittent period between his arrest on December 2, 2014, and his judgment on January 6, 2016.

Respondent argues Petitioner was in primary state custody and serving state prison terms imposed prior to the imposition of his federal term. (Doc. 8 p. 2). Respondent supports his assertion by with the declaration of Deborah Colston, an employee for the BOP who works on inmate sentence computations. (Doc. 8-1). According to the declaration, Petitioner was arrested by California state authorities on charges for Possession of Controlled Substance on January 16, 2014, and was sentenced to an eight-month term of imprisonment on February 3, 2014, after failing to appear in Court. (Doc. 8-1; "Colston Decl." ¶¶3-4). Thereafter, on December 2, 2014, Petitioner was arrested by California state authorities for Possession of Controlled Substance and Child Cruelty. *Id.* ¶5. On December 18, 2014, while in state custody, Petitioner was temporarily removed from state custody by the United States Marshals Service, via the WHCAP. *Id.* ¶6. BOP determined that Petitioner received credit toward his state court-imposed prison terms from December 2, 2014, through August 5, 2015. Thus, BOP began crediting towards Plaintiff's federal sentence from August 6, 2015, through January 3, 2016. *Id.* ¶11.

**II.    Discussion**

    **1. Federal Sentence Computation**

The authority to compute a federal prisoner's sentence is delegated to the Attorney

2

General, who exercises that authority though the BOP.  *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1988), *cert denied*, 525 U.S. 1091 (1999).  "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and second, to what extent the defendant in question may receive credit for any time already spent in custody." *Qun v. Arviza*, No. 1:21-cv-01677-SKO, 2022 WL 902957, at *3 (E.D. Cal. Mar. 28, 2022) (quoting *U.S. v. Smith*, 812 F. Supp 368, 370 (E.D.N.Y. 1993)).  A federal sentence commences "on the date the defendant is received in custody … to commence service at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a); *Thomas v. Brewer*, 923 F.2d 1361, 1369 (9th Cir. 1991).

Petitioner claims that he is entitled to eight months of credit because although he has an offense date of December 2, 2014, his computation did not begin until January 4, 2016.  (Doc. 1 p. 6).  However, Petitioner does not challenge the showing presented in the Colston Declaration that Petitioner, in fact, was receiving credit towards his state court-imposed prison terms from December 2, 2014, through August 5, 2015.  Given this, it would be inappropriate to credit Petitioner with time towards both his federal and state sentences for the August 5, 2015, through January 3, 2016, timeframe.  (Colston Decl. ₱11; Doc. 8-1 p. 49).

Title 18 U.S.C. §3585 provides, among other things, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences … *that has not been credited against another sentence*."  18 U.S.C. § 3585(b) (emphasis added).  Petitioner already received credit for that time toward his state sentences, which precludes him from receiving the same credits towards his federal sentence.  18 U.S.C. § 3585(b)(2); *see Wilson*, 503 U.S. at 337 ("Congress made clear in [Section 3585(b)] that a defendant could not receive double credit for his detention time."); *Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curiam) (concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time.").

///

///

**2. Petitioner Failed to Exhaust Administrative Remedies**

Alternatively, the petition is deficient for Petitioner's failure to exhaust administrative remedies. "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (internal citations omitted). The exhaustion requirement:

> aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Although § 2241 does not specifically require exhaustion, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. I.N.S*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

Since the exhaustion requirement is not a "'jurisdictional prerequisite,' it is subject to waiver in § 2241 cases." *Ward v. Chavez*, 687 F.3d 1042, 1045 (9th Cir. 2012). "[T]he district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995). The exhaustion requirement can be waived "if pursuing those remedies would be futile." *Fraley v. United States Bureau of Prisons*, 1 F.3d 942, 925 (9th Cir. 1993) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991)). Other exemptions to the general exhaustion rule include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted)).

Federal prisons have specific administrative remedy procedure through which inmates can present their claims officials. *Martinez*, 804 F.2d at 570; 28 C.F.R. § 542.10(a). BOP's

administrative review begins when an inmate seeks informal resolution of the issues at the place of confinement. 28 C.F.R § 542.13. If that fails, the inmate may engage in a formal three-level administrative process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 *et seq*.

Here, the Respondent establishes Petitioner has not engaged in the administrative remedy process at any level. (Doc. 8 p. 3; Colston Decl. ¶15; 8-1 p. 51). Petitioner has not filed a statement of opposition. Based on the attached documents supporting Respondent's motion to dismiss, it is plain that Petitioner did not administratively exhaust his claims. Thus, the motion to dismiss also should be granted because Petitioner did not exhaust his administrative remedies.

The exhaustion requirement may not be jurisdictional, but "it is not lightly to be disregarded." *Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising discretion in imposing the requirement is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). Petitioner affirmatively pleads that he did not administratively exhaust his claim (Doc. 1 p. 3), which is corroborated by Respondent's evidence cited above. On these facts, the Court concludes that waiving the exhaustion requirement would reward Petitioner's deliberate attempt to bypass the administrative scheme.

**III.   Conclusion and Order**

For the reasons set forth above, Petitioner's petition is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:   **August 12, 2024**                           _____
                                                        UNITED STATES MAGISTRATE JUDGE